**No. 62716.**—L. N. White & Co., Inc. *v.* United States, petitions 7230–R and 7231–R (New York).

Opinion by Johnson, J.   At the trial, the vice president of the petitioner testified that he had conferred with the customs examiners about the method of making entry and had instructed his customhouse broker to enter the fancy tuna fish at $15 per case; that, subsequently, one of the examiners advised him that the market value of the fancy tuna was $15.75 per case, and the entries were amended accordingly; that there had also been some discussion as to whether certain charges, including inland freight, were deductible or not; that, since he believed that they were deductible and the Government did not, he instructed his broker to make the entries under duress, so that the importer would not be penalized, but the broker failed to follow his instructions; and that the variance between the final appraised value and the entered value was due solely to the deductions for charges claimed to be nondutiable.   On the record presented, it was held that there was no intention to defraud the revenue of the United States, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.   The petitions were, therefore, granted.

**No. 62717.**—Aluminium, Ltd., Sales, Inc. *v.* United States, protest 320866–K (St. Albans).

Opinion by Lawrence, J.   In accordance with stipulation of counsel that the merchandise consists of aluminum alloys similar in all material respects to those the subject of *C. J. Tower & Sons* v. *United States* (45 C.C.P.A. 43, C.A.D. 670), the claim of the plaintiff was sustained.

**No. 62718.**—De Witt Equipment Corp. *v.* United States, protests 318116–K and 315061–K (New York).

Opinion by Lawrence, J.   In accordance with stipulation of counsel that the merchandise consists of angle plates similar in all material respects to those the subject of Abstract 61507, the claim of the plaintiff was sustained.

**No. 62719.**—De Witt Equipment Corp. *v.* United States, protests 325522–K and 326830–K (New York).

Opinion by LAWRENCE, J.  In accordance with stipulation of counsel that the merchandise consists of angle plates similar in all material respects to those the subject of Abstract 61507, the claim of the plaintiff was sustained.

**No. 62720.**—Linread Products, Inc., et al. *v.* United States, protests 324387–K, etc. (New York).

Opinion by LAWRENCE, J.  In accordance with stipulation of counsel that the merchandise consists of Tutch latches the same in all material respects as those the subject of *Linread Products, Inc.* v. *United States* (39 Cust. Ct. 262, C.D. 1939), the claim of the plaintiffs was sustained.

JANUARY 29, 1959

**No. 62721.**—SUIT 4941.—United States *v.* Curley-Bates Co.——C.D. 1916 affirmed November 5, 1958.   C.A.D. 688.

BEFORE THE SECOND DIVISION, FEBRUARY 5, 1959

**No. 62722.**—W. C. Sullivan & Company *v.* United States, protest 306866–K/8740 (Chicago).

Opinion by LAWRENCE, J.  In accordance with oral stipulation of counsel that the photo frames in issue are household utensils, composed in chief value of brass, not plated with platinum, gold, or silver, the claim of the plaintiff was sustained.